UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


JAMES R. PRUTSMAN,

        Plaintiff,                                        No. C 12-6448 PJH

        v.                                               **ORDER GRANTING MOTION TO REMAND**

RUST CONSULTING, INC., et al.,

        Defendants.

_____/

      Before the court are defendants' motion to dismiss or stay, plaintiff's motion to remand, and defendants' motion for jurisdictional discovery.  The motions came on for hearing on March 20, 2013.  Plaintiff James Prutsman ("plaintiff") appeared through his counsel, Robin Workman.  Defendants Rust Consulting, Inc. and SourceHOV Holdings, Inc. ("defendants") appeared through their counsel, Maria Ellinikos.  Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

      Because plaintiff's motion to remand raises the threshold issue of whether this court has subject matter jurisdiction over this action, the court addresses that motion first. Plaintiff filed this suit in San Francisco County Superior Court on November 20, 2012, asserting two causes of action under state law.  On December 20, 2012, defendants removed the action to this court on the basis of diversity jurisdiction.  In the notice of removal, defendants noted that federal courts have original jurisdiction over suits between citizens of different states where there is more than $75,000 in controversy, and flatly stated that "[b]oth criteria are satisfied here."  Dkt. 1 at 3.  Plaintiff now concedes that there is complete diversity between the parties, but still disputes that defendants have met their burden to show, by a preponderance of the evidence, that the amount in controversy

United States District Court

For the Northern District of California

1  exceeds $75,000.  See Mahoney v. DePuy Orthopaedics, Inc., 2007 WL 3341389, at *3-4

2  (E.D. Cal. Nov. 8, 2007) (amount in controversy "may be met from the viewpoint of either

3  the plaintiff or the defendant," but must be established by a preponderance of the

4  evidence).

5       In their notice of removal, defendants relied solely on plaintiff's former salary to

6  establish that the amount in controversy in this current suit is met.  Specifically, they

7  claimed that the amount in controversy was "likely comparable to the compensation

8  package Rust offered plaintiff in 2009, which included an annual base salary well into the

9  six figure range and bonus opportunities."  Id.  Notably, defendants conceded that "plaintiff

10  does not allege the compensation he receives from his new employer," even as they

11  explained that the amount of controversy in this case is properly measured by "the value of

12  the right sought to be gained by plaintiff."  Id.  In essence, defendants seek to have the

13  court assume that, because plaintiff was offered over $75,000 in compensation from his

14  former employer in 2009, it is more likely than not that plaintiff is currently making over

15  $75,000 from his new employer.  The court declines to so speculate.  If defendants had

16  instead presented evidence that plaintiff's current salary was over $75,000, that would likely

17  be sufficient to establish that the amount in controversy was met.  However, they present

18  no such evidence.  Instead, they rely solely on evidence of a past salary offer, without

19  anything more.  While defendants are correct that evidence of former salary may be

20  relevant to determining the amount of plaintiff's current salary, they point to no authority

21  showing that evidence of a plaintiff's former salary, standing alone, is enough to establish

22  the amount in controversy in a declaratory judgment suit, where the amount in controversy

23  is measured by the value of the object of the litigation.  Hunt v. Washington State Apple

24  Advertising Com'n, 432 U.S. 333, 347 (1977).

25       In Mahoney, the defendant provided evidence of its own lost revenue, totaling over

26  $6 million.  Id. at *5.  While the court acknowledged that the precise amount of lost profits

27  had not been established, it found it "unlikely that [defendant's] profit on those revenues

28  would be equal to or less than $75,000 in light of the approximately $3.9 million and $2.4

2

United States District Court
For the Northern District of California

1  million sales revenue generated by [plaintiff]." Id.  In other cases cited by defendants, the

2  court examined evidence from both the plaintiff's and the defendant's viewpoint before

3  ultimately determining that it was more likely than not that the amount in controversy was

4  met.  See Hartstein v. Rembrandt IP Solutions, LLC, 2012 WL 3075084 (N.D. Cal. July 30,

5  2012); Davis v. Advanced Care Technologies, Inc., 2007 WL 1302736 (E.D. Cal. May 2,

6  2007).

7          In this case, defendants have provided no evidence regarding the amount in

8  controversy from their own viewpoint.  And they have not provided any evidence regarding

9  plaintiff's salary at his current place of employment.  As a result, the court finds it unduly

10  speculative to conclude that defendants have met their burden to show, by a

11  preponderance of the evidence, that the amount in controversy from plaintiff's perspective

12  is more than $75,000.  While defendants now seek jurisdictional discovery in order to

13  uncover evidence regarding plaintiff's current salary, the court notes that defendants made

14  no effort to obtain that discovery before removing this case to federal court.  Instead,

15  defendants put the cart before the horse, choosing to remove the case first, and then seek

16  discovery as to the basis for removal jurisdiction afterwards.  Equally puzzling is the

17  defendants' decision not to provide any evidence regarding their own lost profits or revenue

18  that resulted from plaintiff's cessation of employment, especially since that information is

19  completely within the defendants' own custody and control.  For these reasons, the court

20  GRANTS plaintiff's motion to remand and DENIES defendants' motion for leave to conduct

21  jurisdictional discovery.  Defendants' motion to seal exhibit 2 of the Potter declaration is

22  GRANTED, as it contains plaintiff's confidential salary information.

23          Because the court finds that it does not have subject matter jurisdiction to hear this

24  case in the first place, it does not reach the merits of defendants' motion to dismiss or stay.

25  However, one issue raised at the hearing merits some attention, even if in dicta.  During the

26  briefing on defendants' motion, plaintiff argued that he was not bound to the forum selection

27  clause in the stockholder agreement, because he never actually executed that agreement,

28  and because the stock option agreement (which he did execute) incorporated only certain

3

United States District Court
For the Northern District of California

1    portions of the stockholder agreement, not including the forum selection clause.  The court

2    was inclined to agree with plaintiff's position, but after the parties had finished briefing the

3    motion, defendants introduced a new agreement (the "adoption agreement"), which was

4    executed by plaintiff, and which did purport to incorporate by reference the entire

5    stockholder agreement, including the forum selection clause.  Because the adoption

6    agreement was presented to the court via supplemental brief, the parties did not have the

7    opportunity to submit briefing as to whether the adoption agreement did indeed establish

8    that plaintiff was bound to the stockholder agreement's forum selection clause.  Thus, the

9    parties presented their arguments at the hearing.  Defendants took the position that the

10   adoption agreement unambiguously incorporated the entire stockholder agreement,

11   thereby binding plaintiff to the forum selection clause.  Plaintiff argued that the adoption

12   agreement did not take effect unless plaintiff actually acquired shares of common stock,

13   which he did not do.  Thus, plaintiff's position was that the adoption agreement, though

14   signed by plaintiff, had no legal effect.  The court finds defendants' arguments far more

15   convincing here.  The agreement starts by stating that it "is executed pursuant to the terms

16   of the stockholder agreement . . . by the undersigned" (i.e., plaintiff).  See Dkt. 42, Ex. 1 at

17   7 (emphasis added).  The key paragraph of the agreement then reads as follows:

18          The Undersigned (i) agrees that the Common Shares acquired by the
            Undersigned, and certain other Common Shares that may be acquired by the
19          Undersigned in the future, shall be bound by and subject to the terms of the
            Stockholder Agreement, pursuant to the terms thereof, and (ii) hereby adopts
20          the Stockholder Agreement with the same force and effect as if he were
            originally a party thereto.
21

22   Id.  While plaintiff may be correct that subsection (i) of this paragraph does not take effect

23   unless common shares are actually acquired, the plain meaning of the agreement makes

24   clear that subsection (ii) takes effect immediately, whether or not plaintiff acquires any

25   common shares.  The effect of separating the two subsections is to make them severable,

26   such that subsection (i) is contingent on the acquisition of common shares, but subsection

27   (ii) is not.  Again, while the court ultimately DENIES defendants' motion to dismiss or stay

28   as moot (in light of the remand order), the arguments at the hearing indicated that

4

defendants have the better position on this issue.  The parties' requests for judicial notice are similarly DENIED as moot.  The case is REMANDED to the Superior Court for the City and County of San Francisco.

**IT IS SO ORDERED.**

Dated: March 25, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

**United States District Court**
For the Northern District of California

5